James Robert DONALDSON, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 23121.

United States Court of Appeals
Fifth Circuit.

Oct. 12, 1966.

Rehearing Denied Nov. 8, 1966.

Lonny F. Zwiener, Asst. Atty. Gen. of Texas, Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The appellant urges that the failure of a state court judge to advise him of his right to counsel and his right to subpoena witnesses at his "examining trial" vitiates his conviction on a plea of guilty for robbery by assault, and entitles him to federal habeas corpus.

Within a few hours of his arrest, the appellant was taken before a Justice Court of the State of Texas for an "examining trial" to "examine into the truth of the accusation made". Vernon's Ann. Texas Code of Criminal Procedure, Article 245 (1925). He was not informed of his right to appointed counsel, nor of his right to subpoena witnesses. After indictment, the appellant entered a plea of guilty and was sentenced to twelve years imprisonment. Both when he pleaded guilty and when he received sentence, the appellant was represented by counsel. The Texas Court of Criminal Appeals denied a writ of habeas corpus, as did the lower court here.

The appellant alleged in his petition that "had he been informed of [his] * * * right [to subpoena witnesses], witness and evidence in his behalf would have been available at the arraignment and examining trial, there were not available at the trial in which petitioner was found guilty and sentenced * * * * ". [sic] Since the appellant's guilty plea precluded any trial at which such witnesses or their testimony might have been of use to the appellant, he may not now rely on the state judge's failure to inform him of his right to present witnesses as a ground for federal habeas corpus. Busby v. Holman, 5 Cir. 1966, 356 F.2d 75.

The appellant also urges that the failure of the arraigning judge to inform him of his right to counsel entitles him to federal habeas corpus. Insofar as this contention relies on prejudice to the appellant in formulation of his trial strategy, Busby v. Holman, supra, controls. The appellant does not contend that his failure to have counsel at the examining trial tainted the voluntariness of his later guilty plea. Indeed, the appellant makes no attack whatsoever on that plea, which, we note, was entered with the assistance of counsel.

The judgment of the district court is affirmed.